UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES STEPHAN ZIMMERMANN,

      Petitioner,                      Case No. 1:11-cv-568

v.                                  HON. JANET T. NEFF

WILLIE SMITH,

      Respondent.

_____/


## OPINION AND ORDER


Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 following his conviction of aggravated stalking, extortion, attempted unlawful imprisonment and felonious assault of his former wife. Petitioner raises six grounds for relief related to his trial. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as procedurally defaulted and/or without merit. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation, Petitioner's supplemental filing (docketed as a Motion for Leave to File Newly Discovered Evidence) (Dkt 31), and his motion for copies (Dkt 35). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, denies Petitioner's motions, and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

### I.  Petitioner's Objections to the Report and Recommendation

Petitioner's 40-page handwritten brief objecting to the Report and Recommendation raises two main categories of objections:

1.  Objections to the Magistrate Judge's statements of fact in the Procedural History portion of the Report and Recommendation; and

2.  Broad-based objections to the Report and Recommendation that reargue the claims in his petition.

(Pet'r Obj., Dkt 30 at 2-14, 10-34).  The Court concludes that the objections are without merit.

### A.

With respect to Petitioner's first category of objections, the Procedural History portion of the Report and Recommendation sets forth a summary of testimony and other evidence from Petitioner's trial, now challenged in this petition.  Petitioner objects to the Magistrate Judge's recital of the facts, particularly the characterization of certain testimony and evidence.  However, Petitioner's disagreement reveals no factual error, nor any mischaracterization germane to the resolution of the legal issues.

For example, Petitioner objects to the statement in the Report and Recommendation that "The marriage deteriorated further, and Tonya became fearful of Petitioner" as "not true" (Pet'r Obj., Dkt 30 at 6-7).  He asserts, without citation to the record, that his ex-wife testified "'that she was not afraid'" (*id.*).  However, consistent with the Magistrate Judge's recitation, Petitioner's ex-wife testified:  "I was scared.  After everything what happened on Halloween I didn't trust him" (Trial Tr. III at 41).  Similarly, Petitioner notes that on page 5 of the Report and Recommendation, "it states '[i]t was a wooden block with two large nails facing the tire'" (Pet'r Obj., Dkt 30 at 7).

Petitioner asserts, "This is a lie, as no pieces of wood were produced as evidence, the same with the so called crowbar" (*id.*) (emphasis included).  However, Petitioner's objection does not dispute that wooden blocks were present during the commission of the crime, rather he objects that the evidence was not produced at trial.  This is not properly an objection to the Magistrate Judge's factual statement.  Petitioner's disagreement with the Magistrate Judge's construction of the facts in his trial does not demonstrate any error.

Furthermore, even if Petitioner demonstrated a factual error, the Court concludes that his contentions would not change the outcome reached in the Report and Recommendation. *See Puckett v. Huizing*, No. 07-1274, 2009 WL 735129, at *1 (W.D. Mich. Mar. 12, 2009) (reasoning that the consideration of a belated affidavit of facts would not have changed the ultimate outcome in the report and recommendation, and therefore, the objection was denied).  Because Petitioner has not demonstrated that the Magistrate Judge erred in determining the facts in this case, Petitioner's first category of objections is denied.

B.

Petitioner's second category of objections reiterates each of Petitioner's claims from his petition and states a lengthy miscellany of contentions in objection to the Magistrate Judge's Report and Recommendation (Pet'r Obj., Dkt 30 at 14-40).  Petitioner, for example, objects to the Magistrate Judge's conclusion that Petitioner's due process claim arising from the substitution of the trial judge was procedurally defaulted, and even if not defaulted, "he fails to demonstrate that the state court's decision was either contrary to or an unreasonable application of clearly established Supreme Court precedent" (R & R, Dkt 29 at 21-22).  In his objection, Petitioner quotes the Report and Recommendation, "On p. 21 it states, 'review by this Court is barred unless petitioner can show

3

cause and prejudice or a miscarriage of justice" (Pet'r Obj., Dkt 30 at 15). Petitioner then argues, "The prejudice was all the rulings Judge Borrello made overruling Judge Kazmarek" (*id.*). Petitioner further argues, "The miscarriage of justice would be that the prosecutor had control of the courtroom and not the judge" (*id.*). This argument does not attack the analysis or legal conclusion of the Magistrate Judge, but rather reasserts Petitioner's claim from his petition.

Petitioner's general statements of disagreement – rather than specific objections – with the Magistrate Judge's conclusions on these claims do not adequately identify Petitioner's issues of contention with the Magistrate Judge's Report and Recommendation and do not provide a proper basis for review by this Court. *See Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995) ("objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious"); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "'pinpoint those portions of the magistrate's report that the district court must specifically consider'"). Petitioner has not set forth any comprehensible issues that are dispositive, and the Court discerns none. The second category of objections is therefore denied.

## C.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues

individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's assessment of each of Petitioner's claims debatable or wrong.  A COA will therefore be denied for the claims decided on the merits.

Furthermore, to the extent the Court has rejected Petitioner's arguments on procedural grounds, a COA is similarly denied.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Slack*, 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable with regard to any issue raised by Petitioner.  Therefore, a COA is denied.

## II.  Petitioner's Supplemental Filing of "Newly Discovered Evidence"

In conjunction with his objections, Petitioner filed a supplement, which has been docketed as a Motion for Leave to File Newly Discovered Evidence (Dkt 31).  This filing is not the first

5

instance of Petitioner filing a supplement purported to be "newly discovered evidence." Petitioner

twice filed supplements to his petition styled as "newly discovered evidence" (Dkts 24, 26). These

supplements were filed before the Magistrate Judge's Report and Recommendation was issued.

The instant filing, while docketed as a motion, bears no substantive difference from

Petitioner's previous, duplicative filings. What Petitioner asserts as newly discovered evidence is

actually a recapitulation of facts presented throughout Petitioner's trial and subsequent appellate

process. Further, Petitioner asserts in the instant filing that he "recently came into possession of a

letter from the State of Michigan Court of Appeals, to the Saginaw County Prosecutor, dated August

18, 2009," which "encouraged the Prosecutor to submit a brief, although his time for filing had

expired" (Dkt 31 at 2) (emphasis included). This letter, however, has no bearing on the issues

presented in Petitioner's application and does not impact this Court's review of the merits. The

Court otherwise finds no basis for considering the matters raised in the supplement as purported

"newly discovered evidence." Therefore, the motion for leave to file the supplement is denied.

### III. Request for Record Copies

Petitioner has submitted a letter to the undersigned, which has been docketed as a motion for

an order for the Attorney General of the State of Michigan to supply him with copies of documents

filed in this case. The filings sought by Petitioner, "Rule 5 materials,"[1] are the lower court record

(Dkts 12-22), and particularly transcripts, which Petitioner contends he needs for his appeal

---

[1] Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts
provides, in pertinent part: "The respondent must attach to the answer parts of the transcript that the
respondent considers relevant. The judge may order that the respondent furnish other parts of
existing transcripts or that parts of untranscribed recordings be transcribed and furnished."

process." Petitioner asserts that copies of the Rule 5 materials must be provided to him at no cost because he is entitled to copies of all filings in this case by the Attorney General.

Contrary to Petitioner's assertion, he is not automatically entitled to copies of the lower court record at no cost. Any request for court documents must include a "showing of need"; a broad, unspecific contention that record access is needed is insufficient. *United States v. Clark,* No. 6:07-13, 2010 WL 342547, at *1 (E.D. Ky. Jan. 29, 2010). A prisoner is "'not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent.'" *United States v. Warmus*, 151 F. App'x 783, 787 (11th Cir. 2005) (quoting *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973)). *See also Poole v. Scutt,* No. 09–13818, 2011 WL 721292, at *2 (E.D. Mich. Feb. 23, 2011) (citing *Bentley v. United States*, 431 F.2d 250, 254 (6th Cir. 1970)) (denying copies of Rule 5 materials on the grounds that an indigent petitioner does not have a right to free transcripts in order to search for error).

Petitioner has not demonstrated that he requires any particular Rule 5 materials to present his case. His motion is denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 30) are DENIED and the Report and Recommendation (Dkt 29) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Petition (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability in this matter is DENIED as to each issue presented.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Newly Discovered Evidence (Dkt 31) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for copies of the Rule 5 materials at no cost (Dkt 35) is DENIED.


Dated: January  29 , 2014                              /s/ Janet T. Neff                                        
                                                      JANET T. NEFF
                                                      United States District Judge

8